UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

GEOFFREY EDELSTEN,

    Debtor.
_____/

Case No.: 14-19613-JKO[1]
Chapter 7

Substantively Consolidated

SONEET R. KAPILA, as Chapter 7 Trustee
for the bankruptcy estate of Geoffrey Edelsten,

    Plaintiff,
v.

WEST STAR AVIATION, INC., a Colorado
corporation,

    Defendant.
_____/

Adv. Pro. No.

### ADVERSARY COMPLAINT AGAINST WEST STAR AVIATION, INC.

Plaintiff, Soneet R. Kapila, duly appointed and authorized Chapter 7 Trustee ("Trustee Kapila") for the Chapter 7 bankruptcy estate of Geoffrey Edelsten ("Debtor"), sues Defendant, West Star Aviation, Inc. ("Defendant"), and states as follows:

**I.   NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

    **a.   Nature of Action**

1.    This adversary proceeding is brought by Trustee Kapila against Defendant for the avoidance and recovery, pursuant to sections 547 and 550 of Title 11 of the United States Code,

---

[1] *In re N770GE LLC*, Case No. 14-19619, ("Airplane Case") was substantively consolidated here by Order [ECF No. 374] dated November 10, 2014.

11 U.S.C. §§ 101, *et seq.*, ("Bankruptcy Code"), based on Debtor's preferential transfer of an interest in certain property to Defendant.

### b. Parties

2.  Plaintiff, Trustee Kapila, is the duly appointed, qualified, and acting Chapter 7 Trustee of Debtor's estate created pursuant to Bankruptcy Code § 541.

3.  Defendant is corporation organized under the laws of Colorado, and, upon information and belief, conducted business with the Debtor.

### c. Jurisdiction and Venue

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O).

## II.  GENERAL ALLEGATIONS

7.  On January 9, 2014 ("Petition Date"), Debtor, a resident of Melbourne, Victoria, Australia, filed a voluntary petition under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio ("Ohio Court"), initiating the case styled *In re Geoffrey Edelsten*, Case No. 14-30055 ("Individual Case").

8.  On the Petition Date, the Debtor also caused a voluntary petition to be filed with the Ohio Court initiating the case styled *N770GE, LLC*, Case No. 14-30056 ("Airplane Case").

9.  On April 28, 2014, the Ohio Court entered its *Omnibus Decision Transferring Venue of Case No. 14-30055 and Case No. 14-30056 and Making Other Determinations on*

*Eight Motions*; and on April 28, 2014, the Individual Case and the Airplane Case, were docketed in the Southern District of Florida.

10. On June 5, 2014, after hearing on the *United States Trustee's Expedited Motion to Appoint a Trustee Or, Alternatively, to Dismiss Or Convert Case and Request for an Expedited Hearing* [Main Case ECF No. 57], the Court directed the appointment of a Chapter 11 Trustee [Main Case ECF No. 95].

11. On June 6, 2014, Trustee Kapila was appointed as Chapter 11 Trustee [Main Case ECF No. 97].

12. On August 11, 2014, the case was converted [Main Case ECF No. 187] to a case under Chapter 7 of the Bankruptcy Code, and Trustee Kapila was appointed as the Chapter 7 Trustee [Main Case ECF No. 199].

13. The Airplane Case was substantively consolidated with the Individual Case by Order [ECF No. 374] dated November 10, 2014.

14. Trustee Kapila has conducted an investigation into the consolidated Debtor's financial affairs.

15. Based on that investigation, Trustee Kapila has documentation immediately prior to the Petition Date, on or about January 8, 2014, N770GE LLC's then primary asset, a Canadair Challenger 601, registration number N770GE corporate aircraft (the "Aircraft"), was sold for the sum of $1,900,000.

16. Further the documents indicate that on or about January 8, 2014, immediately prior to the Petition Date, a payment was made from the sale proceeds to Defendant in the sum of $65,000.00 (the "Transfer").

17. The Transfer was made to Defendant from the sale of property of the consolidated Debtor.

18. The Transfer was made within days of the Petition Date.

19. The Debtor was insolvent when the Transfer was made to Defendant.

20. Upon information and belief, Debtor received no consideration in exchange for the Transfer.

21. Any conditions precedent to bringing this action have been performed, have occurred or have been waived.

## COUNT I
## AVOIDANCE OF PREFERENTIAL
## TRANSFERS PURSUANT TO BANKRUPTCY CODE § 547(b)

22. Trustee Kapila sues Defendant seeking to avoid the Transfer pursuant to section 547(b) of the Bankruptcy Code. The allegations set forth in paragraphs 1 through 21 are incorporated into Count II as if fully restated herein.

23. The Debtor made the Transfer to Defendant within the 90-day period prior to the Petition Date.

24. The Transfer was made while the Debtor was insolvent.

25. The Transfer was a voluntary or involuntary transfer of an interest of the Debtor in property.

26. The Debtor made the Transfer to or for the benefit Defendant on account of an antecedent debt.

**WHEREFORE**, Trustee Kapila respectfully requests the Court to enter a judgment in favor of Trustee Kapila and against Defendant as follows:

A.   Declaring the Transfer to be preferential transfers pursuant to Bankruptcy Code § 547(b);

B.   Avoiding the Transfer as a preferential transfer pursuant to Bankruptcy Code § 547(b);

C.   Awarding to Trustee Kapila, for the benefit of Debtor's bankruptcy estate, pre- and post-judgment interest and costs; and

D.   Granting such other and further relief as may be equitable and just.

## COUNT II
## RECOVERY OF THE TRANSFER
## PURSUANT TO BANKRUPTCY CODE § 550

27.  Trustee Kapila sues Defendant seeking to recover the Transfer pursuant to section 550 of the Bankruptcy Code. The allegations set forth in paragraphs 1 through 21 are incorporated into Count II as if fully herein.

28.  The Transfer is avoidable pursuant to Bankruptcy Code § 544(b)(1).

29.  With respect to the Transfer, Defendant is either the initial transferee or the entity for whose benefit the Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, the immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2).

30.  To the extent that Defendant is or is found to be the immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2), Defendant was not a transferee who took for value, in good faith, without knowledge of the voidability of the Transfer, within the meaning of 11 U.S.C. § 550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of 11 U.S.C. § 550(b)(2).

31.  The Transfer is, or the value of the Transfer is, recoverable from Defendant by Trustee Kapila pursuant to Bankruptcy Code § 550.

**WHEREFORE**, Trustee Kapila respectfully requests the Court enter a Judgment against Defendant:

A. Declaring Defendant to be either the initial transferee of the Transfer or an entity for whose benefit the Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, the immediate or mediate transferee of the Transfer within the meaning of Bankruptcy Code § 550(a)(2);

B. Directing Defendant to turn over to Trustee Kapila, for the benefit of the Debtor's bankruptcy estate, the Transfer or the value of the Transfer or awarding Trustee Kapila, for the benefit of the Debtor's bankruptcy estate, money damages against Defendant in the amount of the Transfer, plus pre- and post-judgment interest and costs; and,

C. Granting such other and further relief as may be equitable and just.

Dated: January 8, 2016.

Respectfully submitted,

*/s/ Patricia A. Redmond*
Patricia A. Redmond, Florida Bar No. 303739
predmond@stearnsweaver.com
Eric J. Silver, Florida Bar No. 057262
*esilver@stearnsweaver.com*
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200

COUNSEL FOR TRUSTEE KAPILA